UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DANIEL JOHNSON,

        Petitioner,

v.                                     CASE NO. 17-11065

J.A. TERRIS,                     PAUL D. BORMAN
                                          UNITED STATES DISTRICT JUDGE

        Respondent.
_____/

**OPINION AND ORDER GRANTING
THE MOTIONS TO EXPEDITE (ECF Nos. 2 and 5)
AND
<u>DENYING THE HABEAS CORPUS PETITION (ECF No. 1)</u>**

This matter has come before the Court on federal inmate Daniel Johnson's *pro se* habeas corpus petition under 28 U.S.C. § 2241 and Johnson's motions for an expedited ruling on his petition. The petition and motions challenge a prison disciplinary proceeding, which resulted in Johnson's expulsion from a Residential Drug Abuse Treatment Program ("RDAP" or "the program"), which is administered by the Federal Bureau of Prisons. Johnson maintains that he did not constructively possess the contraband that led to his expulsion from the RDAP and that he is entitled to immediate release from custody for successful completion of the RDAP. The Government argues in an answer to the petition that Johnson is not entitled to relief because he has not successfully completed the RDAP. Johnson

replies that the Bureau's decision to expel him from the RDAP was arbitrary and capricious. The Court agrees with the Government that Johnson is not entitled to habeas relief. Therefore, the petition will be denied.

## I. Background

Johnson has been convicted of: (1) conspiracy to distribute Schedule III and IV controlled substances, 21 U.S.C. § 846; (2) possession with intent to distribute and distribution of a Schedule IV controlled substance, 21 U.S.C. § 841(a)(1) and (b)(2); and (3) conspiracy to launder money, 18 U.S.C. § 1956(h) and (a)(2)(A). On March 26, 2013, a federal district judge in the Northern District of California sentenced Johnson to thirty-six months in prison, followed by three years of supervised release. (Response to Pet. for Writ of Habeas Corpus, Ex. 1, page 2.)

On December 17, 2015, while Johnson was serving his sentence at the Federal Correctional Institution in Milan, Michigan, he began participating in the RDAP. He was given a provisional early release date of November 7, 2016, for successful completion of the program. (Response to Pet. for Writ of Habeas Corpus, Ex. 8.) On June 17, 2016, however, unit officer Erik Anderson conducted a search of the cell where Johnson and another inmate resided. When Anderson moved the light fixture above the sink, he found toilet tissue stuffed around the rim of the fixture. Inside the toilet tissue were seven packets of paper, and inside each

packet was a green leafy substance that had the consistency of K-2, which is synthetic marijuana. (Response to Pet. for Writ of Habeas Corpus, Ex. 5, pages 1 and 3.)

In an incident report written on the same day, Anderson charged Johnson with "Possession of Anything not Authorized." Johnson was given a copy of Anderson's incident report and advised of his rights during the disciplinary process. He stated in response to the charge:

> I don't know anything about anything in my light. Somebody changed it last week. Take fingerprints.

(*Id.*, pages 1-2.)

Investigator C. Clark referred the matter to the unit discipline committee ("UDC") after determining that the charge was valid. (*Id.*, page 2.) At a hearing before the UDC, Johnson stated that the contraband did not belong to him. (*Id.*, page 5.) The UDC, however, gave greater weight to Anderson's statement and concluded that Johnson committed the prohibited act. As punishment, the UDC restricted Johnson's commissary privileges for thirty days (*id.*, pages 5 and 6), and on June 27, 2016, Johnson was expelled from the RDAP. (Pet. for Writ of Habeas Corpus, Ex. 6.) Johnson was reinstated to the RDAP on November 7, 2016, and prison officials now anticipate that he will complete the unit-based segment of the RDAP on August 7, 2017. (Pet. for Writ of Habeas Corpus, Ex. 7.)

On April 4, 2017, Johnson filed his habeas petition. His ground for relief is that he did not constructively possess the contraband in question and, thus, there is no support for the incident report or for his subsequent expulsion from the RDAP. In his pending motions, Johnson seeks an expedited ruling on his habeas petition or a preliminary injunction directing the Government to release him immediately. He alleges that he is entitled to a year of sentencing credit for successfully completing the requirements of the RDAP. He further alleges that, if the Court finds merit in his claim, but fails to adjudicate the claim expeditiously, he will have served more time in custody than the law requires. In other words, he claims that, if he prevails in this action, he will not benefit from the sought-after relief, as his release date will have passed. For the following reasons, Johnson's motions for an expedited ruling on his petition are granted, but the petition is denied.

## II. Discussion

**A. Exhaustion of Administrative Remedies**

Federal prisoners ordinarily must exhaust administrative remedies for their claims before filing a § 2241 habeas corpus petition. *Luedtke v. Berkebile*, 704 F.3d 465, 466 (6th Cir. 2013). The Federal Bureau of Prisons has an administrative-remedy program which allows federal inmates to seek formal review of issues relating to any aspect of their confinement. 28 C.F.R. § 542.10(a).

The exhaustion requirement, however, "is not statutorily required," *Fazzini v. Northeast Ohio Corr. Ctr.*, 473 F.3d 229, 235 (6th Cir. 2006), and, if a petitioner fails to exhaust administrative remedies before filing a § 2241 petition, a District Court may excuse the faulty exhaustion and reach the merits of the petitioner's claims. *Ridley v. Smith*, 179 F. App'x 109, 111 (3d Cir. 2006) (quoting *Brown v. Rison*, 895 F.2d 533, 535 (9th Cir. 1990)).

Johnson concedes that he did not exhaust administrative remedies for his substantive claim, but he contends that a prison official failed to process his requests for administrative relief. The Government, moreover, states in its answer to the habeas petition that it is waiving the exhaustion defense. The Court therefore excuses Johnson's failure to exhaust administrative remedies and proceeds to address his substantive claim.

**B. On the Merits**

Johnson maintains that he did not constructively possess the contraband found in his cell on June 17, 2016, and, therefore, he should not have been charged with possessing an unauthorized substance and he should not have been expelled from the RDAP.

5

### 1. The RDAP

Pursuant to 18 U.S.C. § 3621(b), the Federal Bureau of Prisons must "make available appropriate substance abuse treatment for each prisoner the Bureau determines has a treatable condition of substance addiction or abuse." The Bureau's RDAP consists of (1) a unit-based component, which is a course of activities provided by the Psychology Services Department, (2) follow-up services, and (3) community treatment services. 28 C.F.R. § 550.53(a). As an incentive for participation in the RDAP, the Bureau may reduce a prisoner's sentence by up to one year if the prisoner successfully completes the program. 18 U.S.C. § 3621(e)(2)(B). The Bureau has the authority, but not the duty, to reduce a prisoner's term of imprisonment. *Lopez v. Davis*, 531 U.S. 230, 241 (2001). Inmates may be expelled from the RDAP for "disruptive behavior related to the program or unsatisfactory progress in treatment," 28 C.F.R. § 550.53(g)(1), and "[i]f an inmate withdraws from or is otherwise removed from RDAP, that inmate may lose incentives he/she previously achieved." 28 C.F.R. § 550.54(c).

### 2. The Prison Disciplinary Proceeding

Johnson challenges the sufficiency of the evidence which led to the prison disciplinary charge, the UDC's finding of guilt, and his expulsion from the RDAP. In the prison context, an inmate may be punished for violating prison rules if

"some evidence" supports the prison disciplinary committee's decision.

*Superintendent, Mass. Corr. Inst., Walpole v. Hill*, 472 U.S. 445, 455 (1985).

> "Some evidence' is a lenient standard; the relevant question is whether any evidence in the record could support the disciplinary board's conclusion. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 455-56, 105 S.Ct. 2768, 86 L.Ed.2d 356 (1985); *Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000). Even meager proof will suffice. *Webb*, 224 F.3d at 652.

*Quintanilla v. O'Brien*, 127 F. App'x 887, 888 (7th Cir. 2005).

Johnson was charged with violating Code 305, Possession of Anything not Authorized. He does not dispute that K-2 is an unauthorized substance or that it was found in a cell over which he had control. Although he does contend that the K-2 was found in a common area which was regularly accessed by his "cellie," who is an admitted K-2 user, and nearly one hundred other inmates, Officer Anderson stated that he found the K-2 in a cell inhabited only by Johnson and one other inmate. The Court is not required to accept Johnson's conclusory allegation that the contraband was found in a common area accessible to many other inmates. *Wofford v. Snyder*, 90 F. App'x 469, 470 (6th Cir. 2004).

Furthermore, courts "have uniformly held that the discovery of contraband in a shared cell constitutes 'some evidence' of possession sufficient to uphold a prison disciplinary sanction against each inmate in the cell . . . ." *Denny v. Schultz*, 708 F.3d 140, 145 (3d Cir. 2013).

> In a shared cell, all parts of the cell are equally accessible to each prisoner housed in the cell. Thus, each individual prisoner is responsible for keeping the entire cell free from contraband. Because each prisoner in a shared cell has an affirmative responsibility to keep the entire cell, and all other space accessible from within the cell, free from contraband, it follows that any contraband found within the cell is constructively possessed by each of the inmates housed in that cell. Thus, the mere discovery of contraband in a shared cell constitutes "some evidence" that each prisoner in that cell possessed the contraband.

*Id.* at 146; *see also Flowers v. Anderson*, 661 F.3d 977, 980–81 (8th Cir. 2011) (noting that the Eighth Circuit and other courts "have relied on collective culpability for contraband found in a shared area as 'some evidence' to support sanctions in prison discipline cases").

The Court concludes that Johnson was properly held responsible for contraband found in his shared cell. Although he contends that the UDC's decision was based on unfettered discretion and an unsupported incident report, the discovery of contraband in his cell was sufficient to support the UDC's decision. *Quintanilla,* 127 F. App'x at 888.

The Court further concludes that possession of K-2 was a legitimate basis for expelling Johnson from the RDAP, because it was indicative of "unsatisfactory progress in treatment." 28 C.F.R. § 550.53(g)(1). And, when reinstating Johnson to the program, prison officials were authorized to disregard any early-release time that he previously earned. 28 C.F.R. § 550.54(c).

Finally, the Bureau's records indicate that, to date, Johnson has not completed the residential portion of the RDAP. Accordingly, he is not entitled to immediate release under the RDAP, and his petition (ECF No. 1) is denied. His motions to expedite a ruling on his claim (ECF Nos. 2 and 5) are granted.

s/Paul D. Borman  
Paul D. Borman  
United States District Judge

Dated: June 28, 2017

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on June 28, 2017.

s/D. Tofil  
Deborah Tofil, Case Manager